UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
APR 30 2021
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

———————————————

ROBERT J.,

      Plaintiff,

    v.                                                    19-CV-457 (JLS)

ANDREW SAUL,
Commissioner of Social Security,

      Defendant.

———————————————

## DECISION AND ORDER

On April 8, 2019, Plaintiff Robert J.[1] brought this action under the Social Security Act ("the Act"), seeking review of the determination by the Commissioner of Social Security that he was not disabled. Dkt. 1. On September 27, 2019, Plaintiff moved for judgment on the pleadings. Dkt. 8. On January 27, 2020, Commissioner responded and cross-moved for judgment on the pleadings. Dkt. 16. On February 18, 2020, Plaintiff replied. Dkt. 17.

For the reasons stated below, this Court grants Plaintiff's motion in part and denies the Commissioner's cross-motion.

## PROCEDURAL HISTORY

On April 30, 2010, Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income, alleging his disability began on March 30, 2010. Tr.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this Decision and Order identifies Plaintiff by first name and last initial.

168, 281-89, 290-93, 336.[2]  The claim was denied initially on August 25, 2010, at which point Plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on November 30, 2011.  Tr. 43.  The ALJ then issued an unfavorable decision on January 11, 2012.  Tr. 165-76.  Plaintiff requested review of the ALJ's decision, and on July 2, 2013, the Appeals Council remanded the case for further proceedings.  Tr. 22, 181-184.

The ALJ held another hearing on November 13, 2013 and issued an unfavorable decision on September 26, 2014.  Tr. 19-35.  The Appeals Council denied review, and Plaintiff brought an action in this Court.  On March 16, 2017, this Court remanded the case pursuant to the parties' stipulation.  Tr. 1039.  On July 1, 2017, the Appeals Council remanded the case for further proceedings.  Tr. 1040-45.  On September 19, 2018, a different ALJ held an administrative hearing before issuing an unfavorable decision on December 11, 2018.  Tr. 864-83.  Plaintiff did not file written exceptions to the ALJ's decision, and the Appeals Council did not assume jurisdiction.  Plaintiff appealed the December 11, 2018 decision to this Court.

## LEGAL STANDARD

## I.   District Court Review

The scope of review of a disability determination involves two levels of inquiry.  *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987).  First, the Court

---

[2] Dkt. 6 is the transcript of proceedings before the Social Security Administration. All references to Dkt. 6 are denoted "Tr. __."

must "decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* The Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes" of the Act. *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (*quoting Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).  Second, the Court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted).  The Court does not "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotations and citations omitted).  But "the deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).  Indeed, if "a reasonable basis for doubt whether the ALJ applied correct legal principles" exists, applying the substantial evidence standard to uphold a finding that the claimant was not disabled "creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## II.    Disability Determination

The ALJ evaluated Plaintiff's claim under the Social Security Administration's five-step evaluation process for disability determinations. *See* 20 C.F.R. § 416.920(a)(2). At the first step, the ALJ determines whether the claimant currently is engaged in substantial gainful employment. *Id.* § 416.920(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. *Id.* § 416.920(a)(4).

At step two, the ALJ decides whether the claimant suffers from any severe impairments. *Id.* § 416.920(a)(4)(ii). If there are no severe impairments, the claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. *Id.* § 416.920(a)(4).

At step three, the ALJ determines whether any severe impairment or combination of impairments meets or equals an impairment listed in the regulations. *Id.* § 416.920(a)(4)(iii). If the claimant's severe impairment or combination of impairments meets or equals an impairment listed in the regulations, the claimant is disabled. *Id.* § 416.920(a)(4)(iii). But if the ALJ finds that no severe impairment or combination of impairments meets or equals any in the regulations, the ALJ proceeds to step four. *Id.* § 416.920(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See id.* § 416.920(a)(4)(iv); *id.* § 416.920(d)-(e). The RFC is a holistic assessment of the claimant that addresses the claimant's medical impairments—both severe and non-severe—and evaluates the claimant's ability to

4

perform physical or mental work activities on a sustained basis, notwithstanding limitations for her collective impairments. *See id.* § 416.945. After determining the claimant's RFC, the ALJ completes step four. *Id.* § 416.920(e). If the claimant can perform past relevant work, she is not disabled and the analysis ends. *Id.* § 416.920(f). But if the claimant cannot perform past relevant work, the ALJ proceeds to step five. *Id.* § 416.920(a)(4)(iv); *id.* § 416.920(f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See id.* §§ 416.920(a)(4)(v), (g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). More specifically, the Commissioner must prove that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986)).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ analyzed Plaintiff's claim by applying the five-step process outlined above. At step one, the ALJ determined that Plaintiff had not engaged in "substantial gainful activity" since March 30, 2010. Tr. 870. At step two, the ALJ determined that Plaintiff had the following severe impairments: epilepsy, lumbosacral spondylosis with degenerative disc disease, and cervicalgia. *Id.* At step three, the ALJ found that these impairments, alone or in combination, did not

meet or medically equal any of the impairments listed in the regulations. *Id.* at
872-73. At step four, the ALJ determined that Plaintiff has the RFC to perform
light work, which includes:

> the ability to lift/carry twenty pounds occasionally and ten pounds
> frequently, sit for six hours total in an eight-hour workday, and stand/walk
> for six hours total in an eight-hour workday. He must avoid unprotected
> heights, dangerous machinery, moving machinery, heavy equipment, and
> operating motarized vehicles. He can frequently finger and handle
> bilaterally.

*Id.* at 873. Completing step four, the ALJ found that Plaintiff had past relevant
work as a cement mason and offset press operator II. *Id.* at 881. Further, the ALJ
found that Plaintiff could perform his past work as an offset press operator II based
on his RFC. *Id.* At step five, considering Plaintiff's age, education, work
experience, and RFC, the ALJ determined that jobs Plaintiff could perform exist in
significant numbers in the national economy. *Id.* at 882. Accordingly, the ALJ
determined that Plaintiff was not disabled, as defined in the Act, from the alleged
onset date through the date of the decision. *Id.* at 883.

## II.   Analysis

Plaintiff asks the Court to grant his motion for judgment on the pleadings,
vacate the Commissioner's decision, and remand for further administrative
proceedings. Dkt. 8, at 31. Plaintiff argues that: (1) the ALJ erred in relying on
stale opinion evidence and in interpreting more than five years of raw medical data
according to his own lay judgment with no assistance from medical opinion
evidence; and (2) the ALJ erred in giving great weight to Dr. Renee Baskin's
opinion, but assessing no mental health related limitations in the RFC and failing

to explain why he implicitly rejected the limitations to which Dr. Baskin opined. *Id.* at 2. For the reasons below, the Court concludes that the ALJ relied on stale medical evidence and, therefore, erred in assessing Plaintiff's RFC.

When deciding if a claimant is disabled, an ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order). The ALJ's opinion does not need to "perfectly correspond with any of the opinions of medical sources in his decision." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 587 (W.D.N.Y. 2018) (quoting *Matta*, 508 F. App'x at 56).

Medical source opinions "that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Carney v. Berryhill*, No. 16-CV-269-FPG, 2017 WL 2021529, at *6 (W.D.N.Y. 2017) (quoting *Camille v. Colvin*, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015)), *aff'd*, 652 F. App'x 25 (2d Cir. 2016)). A medical opinion that does not account for the "claimant's deteriorating condition" may be considered stale. *Carney*, 2017 WL 2021529, at *6; *see also Girolamo v. Colvin*, No. 13-CV-06309 (MAT), 2014 WL 2207993, at *7-8 (W.D.N.Y. May 28, 2014) (the ALJ should not have given great weight to medical opinions made before plaintiff had his second surgery); *Jones v. Comm'r of Soc. Sec.*, No. 10 CV 5831(RJD), 2012 WL 3637450, at *2 (E.D.N.Y. Aug. 22, 2012) (the ALJ should not have relied on a medical opinion where, in part, it was "1.5 years stale" and did not account for plaintiff's "deteriorating condition").

The age of a medical opinion does not necessarily make it stale. A more dated medical opinion still "may constitute substantial evidence if it is consistent with the record as a whole notwithstanding its age." *Biro v. Comm'r of Soc. Sec*, 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018); *see Andrews v. Berryhill*, No. 17-CV-6368 (MAT), 2018 WL 2088064, at \*3 (W.D.N.Y. May 4, 2018) (the ALJ did not err in relying on dated opinions because there was no indication that the plaintiff's "condition had significantly deteriorated" after the medical opinions were issued); *Pagano v. Comm'r of Soc. Sec.*, No. 16-CV-6537-FPG, 2017 WL 4276653, at \*5 (W.D.N.Y. Sep. 27, 2017) ("A stale medical opinion, like one that is rendered before a surgery, is not substantial evidence to support an ALJ's finding.") (citing *Camille*, 104 F. Supp. 3d at 343-44), *aff'd*, 652 F. App'x. 25 (2d Cir. 2016).

For a medical opinion to be stale, "not only must there be a significant period of time between the date of the opinion and the hearing date, there also must be subsequent treatment notes 'indicat[ing] a claimant's condition has deteriorated' over that period." *Ambrose-Lounsbury v. Saul*, No. 18-CV-240, 2019 WL 3859011, at \*3 (W.D.N.Y. Aug. 16, 2019) (alteration in original) (quoting *Whitehurst v. Berryhill*, No. 1:16-CV-01005-MAT, 2018 WL 3868721, at \*4-\*5 (W.D.N.Y. Aug. 14, 2018)); *see also Davis v. Berryhill*, No. 6:16-CV-06815 (MAT), 2018 WL 1250019, at \*3 (W.D.N.Y. Mar. 11, 2018) (finding medical opinions stale where "significant developments in Plaintiff's medical history had occurred since" the opinions were issued).

Plaintiff argues that all of the medical opinion evidence that the ALJ relied on was more than five years old at the time of his decision. Dkt. 8 at 26. In addition, Plaintiff argues the ALJ failed to consider that his seizure condition and tremor worsened over time. *Id.* Plaintiff also argues that the ALJ failed to consider a September 2018 MRI. *Id.* at 28. He argues the opinion evidence was, therefore, stale, resulting in an RFC finding that was not supported by substantial evidence. The Court agrees.

Several physicians examined Plaintiff over the almost decade-long span of his alleged disability. For example, the ALJ considered treatment records from Dr. Joseph Maddi, which showed normal neurological findings in orientation, reflexes, and strength. Tr. 876. The ALJ also considered that a July 2013 EEG showed mild bilateral cerebral dysfunction consistent with encephalopathies, and that a correlating MRI of the brain was normal, showing no significant interval changes since an original April 2010 diagnostic study. *Id.* In determining Plaintiff's physical RFC, the ALJ also considered evidence from Dr. Vernice Bates, interpreting a 2010 MRI of the brain, and Dr. Kalyan Shastri, interpreting a 2013 MRI of the brain. Tr. 875-876.

After considering that evidence, the ALJ then stated that "[s]ubsequent records show no neurological or mental status deficits." *Id.* But in September 2018, Plaintiff was treated at Dent Neurology, which included an MRI of the brain. Tr. 1477. Dr. Ronald Alberico concluded Plaintiff had "slight asymmetry in [the] temporal horn of the lateral ventricle with slight decrease in [the] size of the right

hippocampus compared to the left . . . this could indicate mesial temporal sclerosis."
*Id.*

The ALJ concluded that Plaintiff could "frequently finger and handle
bilaterally." Tr. 873. He incorporated this into the RFC based on medical opinion
from Dr. Maddi in August 2013. Tr. 876. Although he found greater hand
limitations in the RFC than warranted by Dr. Maddi, the ALJ did not consider
evidence that Plaintiff's tremor worsened over time. For example, in May 2018, Dr.
Marc Frost opined that Plaintiff's tremor had gotten worse. Tr. 1447. Additionally,
in August 2018, Plaintiff was again treated at Dent Neurology, where Nurse
Practitioner Shelby Belair noted that Plaintiff was suffering from "[c]ontinued
breakthrough seizures" and had a "worsening tremor." Tr. 1475; *see also* Tr. 1473
("Plaintiff reports his tremor continues to worsen."). Further, following Plaintiff's
exam in September 2018, Dr. Alberico indicated continued breakthrough seizures
and a worsening tremor. Tr. 1477.

In sum, Plaintiff received an MRI of his brain in September 2018, which the
ALJ did not consider—and, significantly, Dr. Alberico, who reviewed the MRI,
concluded abnormal results that could indicate a mesial temporal sclerosis. Tr.
1477. In addition, Plaintiff's tremor worsened between 2013 and 2018, as indicated
in his treatment notes. Tr. 1447, 1473, 1475, 1477. Because the ALJ did not
consider the 2018 MRI and Plaintiff's worsening condition over time, Plaintiff's RFC

was not supported by substantial evidence.  On this basis, therefore, remand is

warranted.[3]

## CONCLUSION

For the reasons stated above, Plaintiff's motion for judgment on the pleadings

(Dkt. 8) is GRANTED in part, and the Commissioner's cross motion for judgment on

the pleadings (Dkt. 16) is DENIED.  The decision of the Commissioner is

VACATED, and the matter is REMANDED for further administrative proceedings

consistent with this decision and order.  The Clerk of Court is directed to close this

case.

SO ORDERED.

Dated:      April 30, 2021
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff also argues that the ALJ failed to incorporate adequately the mental
health limitations opined by Dr. Baskin into the RFC finding.  Dkt. 8 at 28-30.
Given the remand for additional administrative proceedings, the Court declines to
consider this additional argument.  *See Biro,* 335 F. Supp. 3d at 472.